**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HARRY EUGENE BRISCOE,** | ) | **CASE NO. 1:18 CV 1051** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **DAVID T. MATIA,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Harry Eugene Briscoe filed this action against Cuyahoga County Common Pleas Court Judge David T. Matia, former Cuyahoga County Prosecutor William D. Mason, Public Defender Mary K. Tylee, Public Defender Thomas A. Rien, Public Defender Terry Webb, Cuyahoga County Assistant Prosecutor Andrew Nichol, and Cuyahoga County Prosecutor Steven Dever. In the Complaint (Doc. # 1), Plaintiff challenges his conviction for murder claiming the Defendants "used illegal and unconstitutional falsification of paperwritings to obtain a hypothetical jurisdiction inslaving (sic) [his] life and liberty." (Doc. #1 at 3). He seeks monetary damages, a new jury trial, and withdrawal of the Defendants' "badges of color." (Doc #1 at 5).

## I. BACKGROUND

Plaintiff's Complaint contains few coherent factual allegations. He asserts all of the Defendants, acting with malice and disregard for the rules of professional conduct, in violation of the Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments, "coerced and performed the

sham legal process eloping my illegal servitude." (ECF No. 1 at 3). He contends they fabricated a complaint and arrest warrant which did not contain "constitutionally endorsed signatures and file stamps by a Clerk of Court." He seeks $ 200,000,000.00 in damages, a new jury trial, and withdrawal of the Defendants' "badges of color." (Doc. #1 at 5).

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

As an initial matter, Plaintiff cannot obtain damages for an allegedly unconstitutional conviction or imprisonment, unless he establishes that his conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated.

If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal conviction, the claims should be allowed to proceed, in the absence of some other bar to the suit.

Here, Plaintiff is clearly challenging his conviction, claiming the criminal complaint and arrest warrant were constitutionally deficient. If this claim were found to have merit, it would call his conviction into question. Therefore, he cannot proceed unless he demonstrates his conviction was overturned. He has not done so. In fact, Plaintiff is currently incarcerated in the Grafton Correction Institution serving a sentence of fifteen years to life in prison on this conviction. He cannot proceed with his claims for damages.

Furthermore, to the extent he seeks release and a new trial, he cannot do so in a civil rights action. His sole remedy is Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

    *s/Dan Aaron Polster*  8/13/2018
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.